**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | **I.D. No. 0912010604** |
| | ) | |
| CORNELL L. HESTER, | ) | **Cr. A. Nos. PN10-02-0128, etc.** |
| Defendant. | ) | |

Submitted: September 26, 2018[1]
Decided: December 20, 2018

### ORDER DENYING DEFENDANT'S REQUEST FOR A CERTIFICATE OF ELIGIBILITY TO FILE UNDER 11 Del. C. § 4214(f) AND Del. Super. Ct. Spec. R. 2017-1(d)

This 20th day of December, 2018, upon consideration of Defendant Cornell L. Hester's Request for a Certificate of Eligibility,[2] the Attorney General's response thereto,[3] the parties' supplemental submissions,[4] and the record in this matter, it appears to the Court that:

---

[1] While this request was pending, Hester filed an appeal to the Delaware Supreme Court that argued, in part, that he was eligible for relief under 11 *Del. C.* § 4214(f). *See, e.g.,* Open. Br., *Cornell Hester v. State of Delaware,* No. 267, 2018 (Del. filed May 24, 2018). The general rule is that "the proper perfection of an appeal . . . divests the trial court of its jurisdiction over the cause of action." *Radulski ex rel Taylor v. Delaware State Hosp.,* 541 A.2d 562, 567 (Del. 1988). There are limited exceptions to the general rule–when the issues before the trial court involve only "collateral or independent matters"–which allow the trial court to exercise concurrent jurisdiction. *Id.* But it is the general rule that is most-oft applied in a criminal case. *See Eller v. State,* 531 A.2d 948, 951 (Del. 1987) (Superior Court was divested of jurisdiction to rule on the motion for new trial when direct appeal was pending); *Carter v. State,* 2005 WL 1175938, at *1 (Del. May 16, 2005) (same for postconviction motion). That rule had to be followed here because Hester's request was not a "collateral or independent matter." Accordingly, the Court was required to await the mandate in that unsuccessful appeal before ruling on Hester's request. *See* Mandate, *Cornell Hester v. State of Delaware,* No. 267, 2018 (Del. filed Sept. 26, 2018).

[2] D.I. 135. On July 27, 2017, the Court granted Hester permission to file this request *pro se. See* D.I. 131.

[3] D.I. 136.

## A. Factual and Procedural Background

1.     On February 1, 2010, a New Castle County grand jury indicted Hester for one count of Burglary in the First Degree, one count of Aggravated Menacing, one count of Offensive Touching, one count of Harassment, two counts of Criminal Mischief, one count of Unlawful Imprisonment in the Second Degree, and one count of Malicious Interference with Emergency Communications.[5]

2.     The Delaware Supreme Court previously has described the episode from which these multiple offenses arose as follows:

> On December 16, 2009, Valerie Wilkins was home alone. At about 8:00 p.m., she heard a knock at the door and found Hester, her ex-boyfriend, on her doorstep. Hester asked her to open the door. Wilkins told Hester that if he did not leave, she would call the police. Wilkins then called her mother and told her that Hester was at the door. As she retreated upstairs, Hester kicked in the front door and chased her. Wilkins attempted to hide in her daughter's room. Hester broke through the bedroom door and grabbed Wilkins by the shirt, demanding her mobile phone, which she had dropped as she was fleeing upstairs. Hester took Wilkins room to room with him in search of the mobile phone, which was ringing. After finding the phone on the stairs, Wilkins pleaded with Hester to leave because her children would be returning home from church soon. Hester eventually allowed Wilkins to answer her mobile phone and speak with her daughter. Wilkins' mother and step-father arrived at her house a short while later along with Wilkins' three children. Hester fled.[6]

---

[4] D.I. 137, 138, 140, 141, 152, 153, 158, 159, and 162.
[5] Indictment, *State v. Cornell L. Hester*, ID No. 0912010604 (Del. Super. Ct. Feb. 1, 2010) (D.I. 1).
[6] *Hester v. State*, 2011 WL 3717051, at *1 (Del. Aug. 23, 2011).

2

3. At the time he committed these crimes, Hester had at least three prior felony convictions and is therefore a habitual criminal offender.[7]

4. On June 3, 2010, following a two-day trial, a Superior Court jury convicted Hester of Burglary in the Second Degree (as a lesser-included offense), Offensive Touching, Harassment, Criminal Mischief (two counts), Unlawful Imprisonment in the Second Degree, and Malicious Interference with Emergency Communications. He was acquitted on the Aggravated Menacing count.[8]

5. Hester's sentencing occurred a few months later, on September 10, 2010, after a pre-sentence investigative report was prepared and the State had filed a habitual criminal petition on the Burglary Second Degree charge.[9] For that burglary conviction, Hester was sentenced to twelve years of imprisonment to be served under the provisions of the then-extant Habitual Criminal Act.[10] For each of the other offenses, Hester was sentenced to terms fully suspended for diminishing periods of quasi-incarceration and probation.[11] Hester's sentencing order notes that his habitual criminal sentence was effective on February 5, 2010.[12]

---

[7] See 11 Del. C. § 4214(a) (2009) (providing that a person who has been thrice previously convicted of a felony and is thereafter convicted of another felony may be declared an habitual criminal).

[8] D.I. 15.

[9] D.I. 25.

[10] Sentencing Order, State v. Cornell L. Hester, ID No. 0912010604 (Del. Super. Ct. Sept. 10, 2010) (D.I. 27).

[11] Id.

[12] Id. See McNair v. State, 2011 WL 768639, at *1 (Del. Mar. 4, 2011) ("Under DEL. CODE ANN. tit. 11, § 3901(b) and (c), a defendant must be credited with all Level V time served

3

6. Hester has requested a certificate of eligibility to file a petition seeking exercise of the Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f).[13] The Attorney General responded.[14] The Court has received and reviewed the parties' supplemental filings[15] to determine Hester's eligibility to seek Section 4214(f) relief. Under settled Delaware law, Hester is not eligible for relief.

**B.      Hester Does Not Meet Section 4214(f)'s Type-of-Sentence Requirement.**

7. The first eligibility requirement an inmate must meet to gain sentence relief under Section 4214(f) is the type-of-sentence requirement.[16] Hester does not meet this requirement because his twelve-year unsuspended Level V term was imposed solely within his sentencing judge's discretion.[17]

8. When Hester was sentenced for second degree burglary as a habitual offender, then-extant Section 4214(a) provided a habitual offender could receive a

---

in default of bail either by 'backdating' the effective date to the date of incarceration or by crediting the defendant with the time served.").

[13] D.I. 135; Del. Super. Ct. Spec. R. 2017-1(c)(2), (3).

[14] D.I. 136; Del. Super. Ct. Spec. R. 2017-1(c)(5) (providing that the Attorney General shall file a written response to a request for certificate of eligibility).

[15] See D.I. 137; 138; 140; 141; 152; 153; 158; 159; and 162.

[16] 11 *Del. C.* § 4214(f) (2018) (providing that an inmate must be serving a sentence imposed upon him as "an habitual criminal [that is] a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to 4214(a) of this title, or a life sentence pursuant to 4214(b) of this title prior to July 19, 2016").

[17] 11 *Del. C.* § 4214(a) (2009) (any person sentenced under then-existing § 4214(a) had to receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for any fourth or subsequent Title 11 violent felony that formed the basis of the State's habitual criminal petition; but the Court could, in its discretion, impose upon any habitual criminal a sentence anywhere between that minimum and natural life for any triggering felony).

4

sentence of up to life imprisonment and must "receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this Title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in Section 4201(c) of this title."[18] The statutory maximum penalty for second degree burglary, the violent felony[19] that formed the basis of the State's petition to declare Hester a habitual offender, was eight years at Level V incarceration.[20] Hester therefore faced a sentence ranging anywhere from a minimum of eight years up to life imprisonment.[21] Because the sentencing judge exercised her discretion under Section 4214(a) to sentence Hester to twelve years of unsuspended Level V time instead of the minimum mandatory eight years at Level V incarceration, Hester did not receive "a minimum sentence of not less than the statutory maximum penalty for a violent felony."[22] Accordingly, he does not meet Section 4214(f)'s type-of-sentence eligibility requirement.[23]

---

[18] 11 *Del. C.* § 4214(a) (2009).

[19] 11 *Del. C.* § 4201(c) (2009) (classifying Burglary in the Second Degree as a violent felony).

[20] 11 *Del. C.* § 825(a) (2009) (defining Burglary in the Second Degree as a class D felony); *id.* at § 4205(b)(4) (providing punishment for class D felony was "up to 8 years to be served at Level V").

[21] *See supra* n.17.

[22] 11 *Del. C.* § 4214(f) (2018).

[23] *See Clark v. State,* 2018 WL 1956298, at *3 (Del. Apr. 24, 2018) ("a minimum sentence of not less than the statutory maximum penalty for a violent felony" means the inmate must have received *the* minimum sentence a judge was constrained to impose under the prior version of the

9. Hester argues the Delaware Supreme Court cases interpreting Section 4214(f)'s type-of-sentence eligibility requirement do not apply to his case because the sentencing judge vindictively and illegally sentenced him, his sentence was illegal at the time it was imposed, his constitutional rights were violated at trial and during sentencing, he was denied the right to counsel during post-conviction proceedings, and he illegally was convicted.[24] These arguments are not properly raised in a Request for a Certificate of Eligibility and far exceed Section 4214(f)'s limited scope. As the Supreme Court recently stated in its decision affirming this Court's summary dismissal of Hester's second postconviction motion, Hester's arguments previously were rejected "in his first motion for postconviction relief, in one or more of his eight motions seeking a correction or reduction of sentence, or in his federal habeas corpus petition."[25]

---

Habitual Criminal Act, and so, where a sentencing judge exercised his or her discretion to impose greater than the minimum required under pre-2016 § 4214(a), the inmate cannot seek modification under § 4214(f)); *Durham v. State*, 2018 WL 2069057, at * 1 (Del. May 2, 2018) (same).

[24] *See* D.I. 153, 158, 159, 162.

[25] *Hester v. State*, 2018 WL 4275898, at *1 (Del. Sept. 6, 2018).

6

**NOW, THEREFORE, IT IS ORDERED** that Defendant Cornell L. Hester's Request for a Certificate of Eligibility is **DENIED**; he may not file a petition seeking exercise of this Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d).

Abigail M. LeGrow, Judge

Original to Prothonotary

cc:   Mr. Cornell L. Hester, *pro se*, SBI 591963
      Joseph S. Grubb, Deputy Attorney General
      Phyllis R. Scully, Deputy Attorney General
      Todd E. Conner, Esquire
      Dawn M. Williams, Esquire
      Gregory E. Smith, Deputy Attorney General